UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM ROBERT SHAW,

    Plaintiff,

    v.    Case No. 20-C-1533

MILWAUKEE COUNTY, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff William Robert Shaw, who is currently incarcerated at the Milwaukee County Jail, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $1.67. On October 28, 2020, Plaintiff filed a letter with the court showing that he lacks the funds to pay the initial partial filing fee. Therefore, the court grants Plaintiff's motion for leave to proceed without prepayment of the filing fee and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). Plaintiff will have to pay the full filing fee over time as explained in this order.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.*

Plaintiff's complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure and will therefore be dismissed. The complaint does not include "a short and plain statement of the claim

showing that the pleader is entitled to relief," as the rule requires. Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint is 62 handwritten pages with 167 paragraphs. Dkt. No. 1. As the Seventh Circuit observed in *Kadamovas*, if Plaintiff has included meritorious factual allegations, they are buried in pages and pages of conclusions, allegations, and excessive and unnecessary detail. Plaintiff's complaint is also deficient because it does not contain a complete request for relief.

The court will allow Plaintiff to file an amended complaint that complies with Federal Rule of Civil Procedure 8. The amended complaint must provide a "simple, concise, and direct" statement of his claims. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Plaintiff should not include every detail giving rise to his claim(s); he should provide only enough facts that the court can reasonably infer that the individuals he sues did what Plaintiff alleges they did.

The court will include a blank prisoner complaint form with this order, which the court will require Plaintiff to use. *See* Civil L.R. 9(b) (E.D. Wis.). If, after crafting his allegations in clear, concise "who, what, when, where, why" language, Plaintiff believes he needs more space than is provided in the form, he may attach a maximum of ten handwritten pages. Plaintiff is an experienced litigant, so if he files an amended complaint that does not comply with this order, the court will dismiss this case.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted).

If the amended complaint is received, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepaying the full filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint submitted on October 2, 2020, be and the same is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement the complaint (Dkt. No. 9) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff is directed to file an amended complaint on or before **January 4, 2021**, which contains only related claims in accordance with this Order. If Plaintiff files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the court will dismiss this case based on his failure to comply with Federal Rule of Civil Procedure 8.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 1st day of December, 2020.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge