UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM SHAW,

        Plaintiff,

    v.                                    Case No. 20-C-1533

COUNTY OF MILWAUKEE, et al.,

        Defendants.

## ORDER GRANTING MOTION FOR RECONSIDERATION

Plaintiff William Shaw, who is representing himself, filed this civil rights lawsuit under 42 U.S.C. §1983. On December 1, 2020, the Court screened the complaint and instructed Shaw to file an amended complaint that complied with the instructions in the screening order. Dkt. No. 11. Specifically, the Court instructed Shaw to file a "short and plain" statement of his claim that was no more than <u>ten</u> handwritten pages total. *Id*. at 2-3. The Court noted that Shaw was an experienced litigant and warned him that if he did not file an amended complaint that complied with the instructions in the screening order by January 4, 2021, the Court would dismiss this case. *Id*. at 3.

The Court did not receive an amended complaint by the January 4 deadline, so it dismissed the case. Dkt. Nos. 13-14. Two days later, on January 6, 2021, Shaw filed a 41-page proposed amended complaint listing numerous defendants, numerous incidents that occurred between February 2017 and August 2017, and numerous legal claims including a First Amendment violation, a Fourth Amendment violation, an Eleventh Amendment violation, a due process violation, an equal protection violation, false imprisonment, and various Wisconsin state statute

violations.  *See* Dkt. No. 15 at 2-3.  About a week later, on January 13, 2021, Shaw filed a motion for relief from the Court's order of dismissal, explaining that he placed his proposed amended complaint in the jail mailbox on January 1, 2021.  Dkt. No. 16.  Two days later, Shaw filed a notice of appeal.  A week after that, on January 22, 2021, Shaw filed a motion to substitute the judge and transfer the case to the Milwaukee division.  Dkt. No. 23.  Shaw states that "someone and/or a group of individuals" in the Green Bay clerk's office "tampered with the U.S. Postal Mail/plaintiff's submissions/court filings" because the proposed amended complaint that he submitted on January 1, 2021 did not get e-filed until January 6, 2021.  *Id*.

As a preliminary matter, the Court must address its jurisdiction to decide Shaw's motions.  Ordinarily, the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000).  However, where a party files a Rule 60 motion for relief from judgment within 28 days of entry, the notice becomes effective only after the Court has disposed of the Rule 60 motion.  *See* Fed. R. App. P. 4(a)(4)(B)(vi); *see also Katerinos v. United States Dep't of Treasury*, 368 F.3d 733, 737 (7th Cir. 2004).  The advisory committee notes to the 1993 amendments to Federal Rule of Appellate Procedure 4 make clear that this holds true regardless of whether the Rule 60 motion is filed before or after the notice of appeal:

> A notice filed before the filing of [a Rule 60 motion to vacate a judgment] or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.

Fed. R. App. P. 4 advisory committee's note to 1993 amendment paragraph (a)(4).  Accordingly, the Court retains jurisdiction to decide Shaw's Rule 59 motion.

2

Case 1:20-cv-01533-WCG   Filed 01/27/21   Page 2 of 3   Document 24

Shaw demonstrates good cause for his late filing. He states that he signed and sent his amended complaint out through the Milwaukee County Jail mailing system on January 1, 2021. The fact that it was not filed until January 6, 2021, is understandable when one considers the New Year holiday, the additional restrictions caused by the pandemic, and the normal delay in scanning and filing inmate pleadings once they arrive at the Clerk's office. Accordingly, his motion for relief from the Court's order of dismissal will be granted, and the Court will proceed to screen his amended complaint in a separate order.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion for relief from judgment (Dkt. No. 16) is **GRANTED**.

Dated at Green Bay, Wisconsin this 27th day of January, 2021.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court