UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM ROBERT SHAW,

    Plaintiff-Appellant,

v.

COUNTY OF MILWAUKEE, et al.,

    Defendants-Appellees.

USDC Case No. 20-C-1533

USCA Case Nos. 21-1083
                21-1410

# ORDER

On February 23, 2021, the Court screened and dismissed this case for failure to state a claim upon which relief can the granted. Dkt. Nos. 29-30. Plaintiff William Robert Shaw filed a motion for relief from the Court's order and two motions for leave to appeal without prepayment of the filing fee. Dkt. Nos. 36, 38, & 40. This order resolves the pending motions.

### 1. Motion for Relief from the Court's Order

Motions challenging the merits of the Court's ruling are considered under either Rule 59(e) or Rule 60(b). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). The substance of the motion, rather than the form of the motion, determines whether a motion is analyzed under Rule 59(e) or Rule 60(b). *Id*. (citing *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002)). Rule 59(e) motions request the Court to alter or amend judgments on the basis of a manifest error of law or newly discovered evidence. Fed. R. Civ. P. 59(e). A "manifest error" is not demonstrated by the disappointment of the losing party; it is the wholesale disregard, misapplication, or failure to recognize controlling precedent. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Rule 60(b), on the other hand, is "designed to address mistakes attributable to special circumstances, not to address erroneous applications of law." *Anderson v. Holy See*, 934 F. Supp. 2d 954, 958 (N.D. Ill. 2013). Under Rule 60(b), the Court may relieve a party from a final judgment or order based on several things including: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have discovered in time to move for a new trial under Rule 59(b); fraud, misrepresentation, or misconduct by an opposing party; or any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (internal citations omitted).

Shaw's motion for relief from the Court's order states that the Court made various "oversights" and "misinterpret[ed] [his] attempt to properly convey his claims." *See* Dkt. No. 36. But it's unclear what "oversights" and "misinterpretations" the Court made. The facts and legal allegations in his brief in support of the pending motion, *see* Dkt. No. 37, are almost identical to the facts and legal allegations in the amended complaint, *see* Dkt. No. 15. He simply rehashes his prior filing. Thus, it appears as though Shaw simply disagrees with the Court's analysis in the screening order, which is not a basis to prevail under either rule.

Shaw fleshes out one new legal argument that the Court only addressed in passing in the screening order. *See* Dkt. No. 29 at 7-10; Dkt. No. 37 at 3-4. Shaw states that his amended complaint alleged that he was arrested on February 13, 2017, but that he did not appear before a judge for an "arbitrary initial appearance" until five days later on February 18, 2017. *See* Dkt. No. 15 at 14, ¶42. Shaw states that he should have had a "prompt" judicial determination of probable cause "during the first 48 to 72 hours after being arrested." Dkt. No. 37 at 3. He states that a judge

"never" found probable cause within the appropriate timeframe, but he was "falsely led to believe it had been." *Id*. at 4.

The Court of Appeals for the Seventh Circuit has reviewed this precise issue in at least two recent cases. *See Ewell v. Toney*, 853 F.3d 911, 918 (7th Cir. 2017); *see also Bridewell v. Eberle*, 730 F.3d at 672, 676–77 (7th Cir. 2013). In both cases, the Seventh Circuit concluded that a plaintiff was not "injured" by a delayed judicial determination of probable cause because the judge "ultimately found probable cause," and therefore, the plaintiff would not have been released any sooner. *See Bridewell*, 730 F.3d at 676–77 ("The critical fact was that the judge ultimately found probable cause and denied bail . . . thus [the plaintiff] would not have been entitled to release any sooner."); *see also Ewell*, 853 F.3d at 918 ("Had the judicial determination occurred earlier, the outcome would have been the same: [the plaintiff] would not have been released at that point."). Shaw too would not have been released any sooner had he received his initial appearance within the timeframe he describes. Indeed, the docket entry from the February 18, 2017 initial appearance specifically states, "Court reviewed the complaint and found probable cause to hold defendant for further proceedings."[1] Shaw therefore has no injury or claim regarding these allegations.

Shaw has not identified any basis to prevail under either Rule 59(e) or Rule 60(b). The Court will therefore deny his motion for relief from the Court's order.

**2. Motions for Leave to Appeal without Prepayment of the Filing Fee**

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have money to prepay the $505.00 appellate filing fee, he can file a motion for leave to appeal without prepayment of the filing fee. The prisoner must submit his petition along with an affidavit stating that he is

---

[1] *See* WISCONSIN CIRCUIT COURT ACCESS, https://wcca.wicourts.gov/caseDetail.html?caseNo=2017CF000769&countyNo=40&index=0&mode=details (last visited Apr. 20, 2021).

3

Case 1:20-cv-01533-WCG   Filed 04/26/21   Page 3 of 6   Document 43

indigent and a certified copy of his trust account statement showing transactions for the prior six months.  28 U.S.C. § 1915(a)(2).

District courts can deny a request to appeal without prepayment of the filing fee for one of three reasons: the prisoner has not established indigence, the appeal is not taken in good faith, or the prisoner has three strikes.  *See* 28 U.S.C. §§ 1915(a)(2)-(3), (g).  Under the Federal Rules of Appellate Procedure, a party who was granted leave to proceed without prepayment of the filing fee in the district court may proceed without prepayment of the filing fee on appeal unless the district court certifies that the appeal is not taken in good faith or otherwise determines that the party is not entitled to proceed without prepayment of the filing fee.  Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3).

An appeal is taken "in good faith" if it seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits."  *Anders v. California*, 386 U.S. 738 (1967); *see also Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998) (the appellant "must demonstrate that the issues are debatable among jurists of reason.").  An appeal is taken "in bad faith" if it is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit.  *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).  In *Lee*, the Seventh Circuit Court of Appeals held that "good faith" for purposes of § 1915 is the common "legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit."  *Id.*

It appears that the appeal is taken in good faith, that Shaw is indigent, and that he does not have three strikes.  Thus, the Court will grant his motion for leave to appeal without prepayment of the filing fee.

A review of Shaw's trust account statement reveals that he lacks the funds to pay an initial partial filing fee. Therefore, the Court waives the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Shaw remains obligated to make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency having custody of Shaw will collect the money and send payments to the Court each time the amount in the account exceeds $10.00, until the filing fees are paid. *Id.*

**IT IS THEREFORE ORDERED** that the plaintiff's motion for relief from judgment (Dkt. No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's first motion for leave to appeal without prepayment of the filing fee (ECF No. 38) is **GRANTED**; and his second motion for leave to appeal without prepayment of the filing fee (ECF No. 40) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the agency having custody of Shaw shall collect from his prison trust account the balance of the filing fee (**$505.00**) by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Shaw is transferred to another institution—county, state, or federal—the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined. A copy should also be sent to Dennis Brand at the Milwaukee County Jail.

**IT IS FURTHER ORDERED** that a copy of this order be provided to the PLRA Attorney, United States Courts of Appeals for the Seventh Circuit, through the Court's electronic case filing system.

Dated at Green Bay, Wisconsin this 26th day of April, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge