UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM ROBERT SHAW,

    Plaintiff,

v.                                          Case No. 20-C-1533

COUNTY OF MILWAUKEE, et al.,

    Defendants.

---

## ORDER

---

On April 26, 2022, the Court stayed and administratively closed this case pending resolution of Milwaukee County criminal cases numbers 17CF003355 and 17CF000769. Dkt. No. 47. About six months later, on October 31, 2022, Plaintiff William Robert Shaw filed a motion for judicial disqualification. Dkt. No. 48. This is the second time Shaw has asked for a new judge in this case. *See* Dkt. Nos. 23 & 48.

Shaw states that the Court is unfairly compromising his civil cases due to racial discrimination. Dkt. No. 48 at 1. Shaw explains that, in *Shaw v. County of Milwaukee*, *et al.*, Case No. 22-C-97 (E.D. Wis.), the Court allegedly ordered him to respond to a motion to compel that was premature. *Id.* at 2. Shaw states that when he made the same mistake in a different case, the Court denied his motion. *Id.* In *Shaw v. Seel, et al.*, Case No. 20-C-365 (E.D. Wis.), the Court allegedly gave legal advice during a motion hearing on how to litigate against Shaw. *Id.* The Court was also allegedly rude and disrespectful to Shaw during that hearing. *Id.* And in *Shaw v. City of Milwaukee*, Case No. 20-C-1544 (E.D. Wis.), the Court allegedly made Shaw relitigate an issue that was already argued and decided in a different case, *Collins v. City of Milwaukee*, *et al.*,

Case No. 17-C-234 (E.D. Wis.). *Id*. at 3. Shaw states that he had to conduct the "same and/or similar discovery" but was limited to obtaining records that were less than 100 pages, otherwise he had to pay a fee. *Id*. The Court also allegedly denied his request for a settlement conference. Dkt. No. 49 at 3. Shaw asks for a new judge or to change venue to the Milwaukee Division. Dkt. No. 48.

Shaw's accusations of bias and prejudice are baseless. First, it is common practice to ask parties to respond to a motion when that specific motion needs a response. That a different motion in a different case filed under different circumstances did not require a response does not show bias or prejudice. Each motion and each case is different.

Second, during the motion hearing in Case No. 20-C-365, the Court ordered Defendants to go back and check whether the videotape evidence Shaw wanted actually existed. Contrary to Shaw's assertion, the Court did not prohibit him from getting evidence he wanted for his *Monell* claim—it assisted him in acquiring the evidence he asked for. Ultimately, the videotape evidence he wanted did not exist, but that does not mean that the Court is "always being in favor to Defendants." *See* Dkt. No. 49 at 1. Shaw also claims that the Court instructed Defendants to conduct a deposition to ask about weather temperatures, *see id*. at 2, but that motion hearing did not involve a discussion of depositions. To the extent Shaw believes the Court was rude and disrespectful, the Court has a duty to control its legal proceedings, and it has the authority to limit arguments to keep the case on track.

Third, and as noted above, each case is different and Shaw is required to litigate his own case. He cannot claim that *Collins v. City of Milwaukee* has already resolved the case in his favor. Shaw must also finance his own litigation, and there is nothing improper about having to pay a fee

2

for records.  The Court also is not involved in settlement discussions.  Shaw must directly contact Defendants to make a settlement offer.

Finally, Shaw notes that the Court, during hearings, keeps inquiring about when his underlying criminal cases are going to trial.  Dkt. No. 49.  He believes this is suspicious because the Court is "keenly interested in the outcome of the matter."  *Id*. at 3.  But the Court is inquiring about his criminal trial for purposes of scheduling and determining whether he will remain in the Milwaukee County Jail.  Moreover, this particular case is directly related to his underlying criminal cases, so it is relevant information for the Court to have.  The Court will deny the motion for judicial disqualification.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for judicial disqualification (Dkt. No. 48) is **DENIED**.

Dated at Green Bay, Wisconsin this 18th day of November, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge